IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 6:23-cv-06090-SOH |
| | ) ) | COMPLAINT |
| SIMPLY SLIMS, L.L.C. d/b/a SLIM CHICKENS and DIXIE CHICKEN, L.L.C. d/b/a SLIM CHICKENS | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex and to provide appropriate relief to Gabrielle Jackson and other aggrieved female employees who were adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission alleges that Defendant Simply Slims, L.L.C. d/b/a Slim Chickens and Dixie Chicken, L.L.C. d/b/a Slim Chickens subjected Jackson and other aggrieved female individuals to sexual harassment and a sexually hostile work environment and then constructively discharged Jackson.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and 42 U.S.C. §2000e-3(a), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged unlawful were committed within the jurisdiction of the United States District Court for Western District of Arkansas.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3) and 42 U.S.C. §2000e-3(a).

4. At all relevant times, Defendant has continuously been an Arkansas limited liability company doing business in the State of Arkansas and the City of Hot Springs and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has been a covered entity under 42 U.S.C. §2000e-5(f)(1) and (3) and 42 U.S.C. §2000e-3(a).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days prior to the institution of this lawsuit, Jackson filed a charge of discrimination with the Commission against Defendant alleging violations of Title VII by Defendant.

8. On June 1, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On July 3, 2023, the Commission issued Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

### STATEMENT OF SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT CLAIMS OF GABRIELLE JACKSON

13. Since at least February 2022 through at least April 2022, Defendant engaged in unlawful employment practices at its Hot Springs, Arkansas location in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

14. The unlawful employment practices include subjecting Jackson to unwelcome sexual harassment and a sexually hostile work environment because of her sex, female.

    a. Defendant hired Jackson as an associate on or about February 2022.

    b. As an associate, Defendant required Jackson to acknowledge online that she received Defendant's handbook, which included Defendant's sexual harassment policy.

    c. Defendant did not review its sexual harassment policy with Jackson.

    d. Defendant uses a computer-based system to train new employees and does not provide any one-on-one training of its policies.

    e. Defendant did not provide Jackson with any sexual harassment training during her employment.

f. On or about April 13, 2022, Jackson reported to the work site to check her schedule.

g. Manager Cameron Wiley told Jackson "titties" were his favorite part of a woman's body.

h. Wiley told Jackson that her backside looked good in leggings.

i. Jackson asked Wiley not to talk to her in that manner. Wiley responded to Jackson's request by referring to women as bitches.

j. During this same time frame, Wiley told Jackson she had "dick sucking" lips.

k. Immediately following Wiley's comments, Jackson reported the comments to General Manager Mark Corbell.

l. When Jackson reported the comments to Corbell, Jackson informed Corbell she did not want to work the same shift with Wiley because of Wiley's comment.

m. Corbell failed to report the harassment to District Manager Tommy Maddon.

n. Corbell failed to report the harassment to Human Resources Manager Dee Lawrence.

o. Corbell failed to take any action regarding Jackson's report of sexual harassment by Wiley.

p. On or about April 25, 2022, Jackson called District Manager Maddon and reported sexual harassment and retaliation.

q. Defendant placed Jackson on leave without pay during the investigation.

r. The sexual harassment was not welcome.

s. The sexual harassment was severe and/or pervasive.

t. Defendant does not maintain an effective sexual harassment policy.

u. Defendant failed to take appropriate remedial measures to protect Jackson from

4

sexual harassment.

## STATEMENT OF THE CONSTRUCTIVE DISCHARGE CLAIM OF GABRIELLE JACKSON

15. The unlawful employment practices include subjecting Jackson to a constructive discharge in violation of Title VII, 42 U.S.C. §2000e-2.

   a. Defendant hired Jackson as an associate at its Hot Springs restaurant on or about February 2022.

   b. As an associate, Defendant required Jackson to acknowledge receipt of Defendant's handbook, which included Defendant's Anti-Harassment Policy.

   c. Defendant did not review its sexual harassment policy with Jackson.

   d. Defendant required that Jackson sit at a computer and review all of its policies.

   e. Defendant uses a computer-based system to train new employees and does not provide any one-on-one training of its policies.

   f. Defendant did not provide Jackson with any sexual harassment training during her employment.

   g. On or about April 13, 2022, Jackson reported to the work site to check her schedule.

   h. Manager Cameron Wiley told Jackson "titties" were his favorite part of a woman's body.

   i. Wiley told Jackson that her backside looked good in leggings.

   j. Jackson asked Wiley not to talk to her in that manner. Wiley responded to Jackson's request by referring to women as bitches.

   k. During this same time frame, Wiley told Jackson she had "dick sucking" lips.

l.      Immediately following Wiley's comments, Jackson reported the comments to General Manager Mark Corbell.

m.      When Jackson reported the comments to Corbell, Jackson informed Corbell she did not want to work the same shift with Wiley because of Wiley's comment.

n.      Corbell failed to report the harassment to District Manager Tommy Maddon.

o.      Corbell failed to report the harassment to Human Resources Manager Dee Lawrence.

p.      Corbell failed to take any action regarding Jackson's report of sexual harassment by Wiley.

q.      On or about April 25, 2022, Jackson called District Manager Maddon and reported sexual harassment and retaliation.

r.      Defendant placed Jackson on leave without pay during the investigation.

s.      Maddon allegedly attempted to contact Jackson's witnesses Jennifer Lambert and Tiyah Hunter.

t.      According to Defendant, Lambert did not return his calls and Hunter stated she did not hear the content of the conversation.

u.      On or about April 20, 2022, Jackson became ill at work. With permission from her manager, Jackson left work and went to the hospital.

v.      Jackson obtained a doctor's note stating she needed to take off for three days and presented the note to Shift Leader Jimmy Van Horn.

w.      Van Horn instructed Jackson to take off Friday, April 22 through Sunday, April 24, 2022. Jackson also sent a copy of the doctor's note via text to Corbell.

x.      Because Jackson had planned to return to work on April 25, Jackson asked a coworker to check her schedule for that week. The coworker informed Jackson that

Jackson's name was crossed out, an obvious indication that Defendant had removed her from the schedule.

y.  On or about April 27, 2022, Maddon spoke to General Manager Corbell who admitted Jackson had reported sexual harassment to him and that he had not reported the harassment to anyone else.

z.  On or about April 27, 2022, Maddon informed Wiley that he could not substantiate that Wiley said anything inappropriate to Jackson.

aa.  Maddon required Wiley to sign a statement titled "documentation of unprofessional conduct."

bb.  Maddon informed Jackson he could not substantiate her allegations and was closing the investigation. Maddon informed Jackson of the miscommunication regarding her schedule and the doctor's note and told Jackson she could return to work.

cc.  Maddon could not ensure that Wiley would not supervise Jackson.

dd.  On or around the end of April 2022, while in a meeting with the district manager and another co-worker, Jackson learned Wiley had assaulted the co-worker.

ee.  As a result of the sexual harassment from Wiley and because Defendant would continue to require Jackson to work with Wiley, the harasser, and allow Wiley to continue to supervise Jackson, her working conditions became so intolerable, Defendant forced Jackson to resign.

**STATEMENT OF SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT CLAIMS OF OTHER AFFECTED INDIVIDUALS**

16.  The unlawful employment practices include subjecting other employees to sexual harassment in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

a.  The unlawful employment practices include subjecting other high school students, teens, and young adults to unwelcome sexual harassment and a sexually hostile work environment because of their sex, female.

b.  Wiley began sexually harassing other females shortly after their hire.

c.  Wiley would purposely walk next to the female workers and brush up against them.

d.  Defendant hired Jennifer Lambert, then 27 years old, as a cashier on or about March 4, 2022.

e.  In April 2022 Wiley trapped Lambert against the wall near the freezer area and lifted her shirt and fondled her breasts.

f.  Lambert reported the assault to Corbell who told Lambert she would no longer have to work with Wiley.

g.  Maddon told Lambert she could transfer to another store to avoid working with Wiley.

h.  Defendant continued to require Lambert to work on the same shift as Wiley.

i.  As a result of the sexual harassment from Wiley and because Defendant continued to require Lambert to work with her harasser, Lambert's working conditions became so intolerable, Defendant forced Lambert to resign.

j.  Defendant hired Peyton Cooper, then 17 years old, as an associate in March 2022.

k.  Cooper witnessed Wiley poking females in inappropriate places such as stomach, close to breast, and near the vaginal areas.

l.  Wiley touched Cooper on her bottom in a sexual manner.

m.  Defendant hired Takahi Shelby, then 16 years old, as an associate in February 2022.

n.  Wiley touched Shelby on her bottom on more than one occasion and he also touched her on her inner thigh near her vagina.

o.  In July 2022 four employees, including Shelby and Cooper, complained to Maddon regarding sexual harassment by Wiley.

p.  Following the four complaints, Maddon informed Wiley he could not touch any employees, even if Wiley believed the touching was innocent.

q.  When Maddon left the location, Wiley informed the female employees he intended to begin hiring more males and that he would cut the female employees' hours.

r.  The female employees reported Wiley's actions to Maddon, who then offered to transfer Wiley to another location.

s.  Defendant failed to take appropriate remedial measures to protect the class members from sexual harassment.

t.  The sexual harassment of the class members was not welcome.

u.  The sexual harassment of the class members was severe or pervasive.

v.  The unwelcome sexual harassment was individually sufficiently severe and pervasive to alter the terms and conditions of employment.

w.  Defendant failed to take any effective, corrective action against Wiley.

x.  Defendant does not maintain an effective sexual harassment policy.

17.  The effect of the practices complained of in Paragraphs 13 through 16 has been to deprive Jackson and the other aggrieved females of equal employment opportunities and to otherwise adversely affect their employment because of their sex, female.

18.  The unlawful employment practices complained of in Paragraphs 13 through 16 were intentional.

19. The unlawful employment practices complained of in Paragraphs 13 through 16 were done with malice or with reckless indifference to the federally protected rights of Jackson and the other aggrieved individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in harassment and any other employment practice which discriminates based on sex, female.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Jackson and the other aggrieved individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

D. Order Defendant to make whole Jackson and the other aggrieved individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

E. Order Defendant to pay Jackson and the other aggrieved females punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**GWENDOLYN YOUNG REAMS**
Acting General Counsel

**CHRISTOPHER LAGE**
Deputy General Counsel

*/s/Faye A. Williams*____
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
200 Jefferson Ave., Suite 1400
Memphis, TN 38103
Telephone (901) 685-4609
faye.williams@eeoc.gov

*/s/Gary Sullivan*
GARY SULLIVAN
Assistant Regional Attorney
AR Bar No. 92051

 */s/ Pamela B. Dixon*_____
PAMELA DIXON
Trial Attorney
AR Bar No. 95085

*/s/Jennifer Corbin Bearden*
Trial Attorney
AR Bar No. 2013027

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Suite 200
Little Rock, AR 72201
Telephone (501) 900-6145
pamela.dixon@eeoc.gov

11